■ ANDREA BARONE, Appellant, v EMMIS COMMUNICATIONS CORPORATION et al., Respondents. [55 NYS3d 47]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about June 8, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion denied.

As ostensibly nondiscriminatory reasons for terminating plaintiff, defendants pointed to plaintiff's alleged management deficiencies; her alleged insubordination, by, among other things, refusing a directive to extend her vacation; and her alleged concealment of her romantic relationship with a subordinate.

In response, plaintiff raised issues of fact as to pretext (*see Arifi v Central Moving & Stor. Co., Inc.*, 147 AD3d 551, 551 [1st Dept 2017]; *Cadet-Legros v New York Univ. Hosp. Ctr.*, 135 AD3d 196, 200, 202 [1st Dept 2015]). Among other things, plaintiff points out that her termination on June 30, 2011, represented a drastic shift from the favorable performance review which she received only three weeks earlier. Indeed, plaintiff was on vacation for nearly a week of that three-week time period. Nothing in the record explains why any defects in plaintiff's management style, identified in her otherwise favorable performance review, suddenly warranted her termination. Defendants' assertion that plaintiff was insubordinate and hostile is belied by the record, which shows nothing more than innocuous e-mail exchanges between plaintiff and her superior, defendant Alexandra Cameron, during the several days prior to the termination. Finally, defendants' assertion that plaintiff's concealing of her relationship with her subordinate was a ground for termination is belied by, among other things, emails exchanged only a week earlier, demonstrating that the subordinate would be reporting to another manager, in order to avoid any appearance of impropriety.

Plaintiff has also pointed to evidence of gender bias, in the form of Cameron's holding women, including plaintiff, to a different standard than men in the workplace. Nor were these mere "stray remarks." To the contrary, Cameron told plaintiff that she lacked "emotional intelligence and empathy toward others," which were perceived as shortcomings in her ability to manage her subordinates, and which were "amplified because [she was] in a high profile seat and female." Concur—Acosta, P.J., Renwick, Richter, Feinman and Webber, JJ. ■